IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00068-GPG

ANDREW MARK LAMAR,

    Applicant,

v.

STATE OF COLORADO,
CYNTHIA COFFMAN, Attorney General State of Colorado, and
RICK RAEMISCH, Executive Director, Colorado Department of Corrections,

    Respondents.

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCY

    Applicant, Andrew Mark Lamar, is in the custody of the Colorado Department of Corrections (CDOC) at the Fremont Correctional Facility in Canon City, Colorado. Mr. Lamar initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, on the incorrect form, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action.

    Mr. Lamar is serving an indeterminate sentence under the Colorado Sex Offenders Lifetime Supervision Act, COLO. REV. STAT. §§18-1.3-1001, *et seq.*  In the Application, Mr. Lamar asserts that the Colorado Parole Board's November 2, 2015 decision to deny parole, following the expiration of the minimum term of his sentence, violated his Fifth Amendment right against self-incrimination, and his Fourteenth Amendment due process rights.   For relief, he seeks immediate release from confinement.

After pursuant to D.C.COLO.LCivR 8.1(a), the court has determined that the submitted document is deficient as described in this order.   Mr. Brim will be directed to cure the following if he wishes to pursue his claims.   Any papers that the Mr. Brim files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) \_\_\_\_    is not submitted
(2) \_\_\_\_    is missing affidavit
(3) \_\_\_\_    is missing <u>certified</u> copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (<u>necessary if filing a habeas corpus application</u>)
(4) \_\_\_\_    is missing certificate showing current balance in prison account
(5) \_\_\_\_    is missing required financial information
(6) \_\_\_\_    is missing an original signature by the prisoner

(7) \_\_\_\_    is not on proper form (must use the court's current form):
(8) \_\_\_\_    names in caption do not match names in caption of complaint, petition or habeas application
(9) \_\_\_\_    other:

**Complaint, Petition or Application**:

(10) \_\_\_\_    is not submitted
(11) \_X\_    is not on proper form (must use the court's current form)
(12) \_\_\_\_    is missing an original signature by the prisoner
(13) \_\_\_\_    is missing page nos. \_\_\_\_
(14) \_\_\_\_    uses et al. instead of listing all parties in caption
(15) \_\_\_\_    names in caption do not match names in text
(16) \_\_\_\_    addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) \_X\_    other: <u>Applicant must name the warden of his current facility as a Respondent. Rick Raemisch, the Director of the CDOC, is not a proper respondent</u>.

Mr. Lamar is reminded that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."   *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   "Petitions under § 2241 are used to attack the execution of a sentence, *see*

2

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), while a petition under § 2254 challenges the validity of a state court conviction or sentence.   *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).   Mr. Lamar therefore may not challenge the validity of his indeterminate sentence in a § 2241 Application. Accordingly, it is

ORDERED that Mr. Lamar cure the deficiency designated above **within thirty (30) days from the date of this order**.   Any papers that Mr. Lamar files in response to this order must include the civil action number on this order.   It is

FURTHER ORDERED that Mr. Lamar, with the assistance of his case manager or the facility's legal assistant, shall obtain the Court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Lamar fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, this action will be dismissed without further notice.   The dismissal shall be without prejudice.

DATED: January 12, 2016, at Denver, Colorado.

BY THE COURT:

 s/Gordon P. Gallagher
United States Magistrate Judge