IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00068-GPG

ANDREW MARK LAMAR,

    Applicant,

v.

LON ARCHULETA, Warden, FCF,

    Respondent.

---

ORDER TO FILE PRELIMINARY RESPONSE

---

    Applicant, Andrew Mark Lamar, is in the custody of the Colorado Department of Corrections and is incarcerated at the Fremont Correctional Facility in Canon City, Colorado. Mr. Lamar, acting *pro se*, has filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) challenging the denial of parole as a deprivation of his constitutional rights.

    As part of the preliminary consideration of the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court determined that a limited Preliminary Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). *But see Wildermuth v. Furlong*,

147 F.3d 1234, 1235 n.1 (10th Cir. 1998) (habeas petitioner is not required to exhaust state remedies prior to challenging the denial of parole in a federal habeas proceeding). If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Preliminary Response.   Respondent may not file a dispositive motion as the Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.   Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.   Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order.   It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.   It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

Dated February 11, 2016, at Denver, Colorado.

                        BY THE COURT:

                        s/ Gordon P. Gallagher
                        United States Magistrate Judge